## GRAY v. HOPKINS.

### No. 7001.

Circuit Court of Appeals, Fifth Circuit.

Jan. 10, 1934.

Llewellyn A. Luce, of Washington, D. C., for appellant.

Clyde O. Eastus, U. S. Atty., and John W. Beveridge, Asst. U. S. Atty., both of Fort Worth, Tex., and Wright Matthews, Sp. Atty., Bureau of Internal Revenue, and Lester L. Gibson, Atty., Department of Justice, both of Washington, D. C., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

The Beacon Refining Company, for the years 1920, 1921, and 1922, filed returns of its income and excess profit taxes as a trust. The Commissioner of Internal Revenue determined that the taxpayer was an association, and as such was taxable as a corporation under the Revenue Acts of 1918 and 1921. 40 Stat. 1057; 42 Stat. 227. Accordingly, he rejected its returns and required payment of additional taxes, which were collected by appellee, collector of internal revenue, from appellant, trustee in bankruptcy of the Griswold Oil Corporation as transferee of the taxpayer's assets. Appellant lost his suit to recover back the amount of

the tax he was required by the Commissioner to pay. He relies on section 704 (a) of the Revenue Act of 1928, 45 Stat. 880 (26 US CA § 2704 (a), in support of his position that the Beacon Refining Company is taxable as a trust rather than as an association. That section contains a provision that a taxpayer who had filed a return as a trust for any taxable year prior to 1925 should be taxable as a trust and not as a corporation, if he was considered taxable as a trust under any ruling of the Commissioner or of any duly authorized officer of the Bureau of Internal Revenue which had not been reversed or revoked prior to the time the return was made, or under any such ruling after the return was filed which had not been reversed or revoked prior to the termination of the taxpayer's existence. The narrow question for decision, then, is whether within the time specified by the statute there was any such ruling which had not been reversed or revoked.

The Beacon Refining Company was created in 1919 by a declaration of trust. It was organized for the purpose of owning and operating an oil refinery plant which it owned and operated until October 10, 1922, when all its properties were sold to the Griswold Oil Corporation, immediately after which it was dissolved. Its returns for the taxable years in question were timely filed. During its continuance in business, a majority of its shares of stock were owned and held by trustees who also held the legal title to all the property. In Crocker v. Malley, 249 U. S. 223, 39 S. Ct. 270, 63 L. Ed. 573, 2 A. L. R. 1601 (1919), it was held that control of a trust by the beneficiaries was essential to its classification as an association. But in Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949 (1924), it was held that a trust should be treated as an association, irrespective of control if it was engaged in business. Because of this later ruling by the Supreme Court, section 704 (a) of the Revenue Act of 1928 was enacted, in order that control of a trust by its beneficiaries should continue to be the test of liability for taxable years prior to 1925. Appellant cites several rulings of the Commissioner and officers of the Bureau of Internal Revenue which he contends were not reversed or revoked but remained in effect during the existence of the taxpayer, and under which the taxpayer was entitled to file its returns as a trust. He contends further that there were departmental rulings to the effect that control of the trust should be ascertained exclusively by considering the terms of the trust agreement, and that it was immaterial whether or not trustees having the majority interest in the association were also beneficiaries. However, it does not appear that any of these rulings were made in cases where the trustees held the majority of shares or interests as beneficiaries. But, if there were any such rulings, it appears that they have been reversed and set aside by the Treasury Department, whose rulings are set forth in publications called Cumulative Bulletins. In Cumulative Bulletin No. 3, published during September, 1920, is Solicitor's Opinion No. 56. In that opinion it is distinctly held that, where the trustees are in fact owners of a majority of the shares of a trust, the trust is taxable as an association under the revenue laws, regardless of the terms of the trust agreement. To the same effect is Income Tax Ruling No. 1464 of July–December, 1922, Cumulative Bulletin 1–2, page 1. The solicitor's opinion above referred to is copied in the opinion of the Board of Tax Appeals in E. A. Landreth v. Commissioner, 15 B. T. A. 655, at page 663. Our conclusion is that appellant must fail in his suit because he has not shown that he is claiming under any ruling which remained in force up to the time the tax returns were made or the taxpayer's existence was terminated by dissolution.

The judgment is affirmed.